| **SUMMONS - CIVIL**<br>JD-CV-1   Rev. 2-22<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;<br>P.B. §§ 3-1 through 3-21, 8-1, 10-13 | **For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA.** | STATE OF CONNECTICUT<br>**SUPERIOR COURT**<br>www.jud.ct.gov  |
|---|---|---|

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☒ Select if claiming other relief in addition to, or in place of, money or damages.

*(stamp:)* 2023 SEP 22  AM 11: 49
U.S. ATTORNEY'S OFFICE
NEW HAVEN, CONNECTICUT

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)*<br>**235 Church Street, New Haven, CT 06510** | Telephone number of clerk<br>**(203 ) 503 – 6800** | Return Date *(Must be a Tuesday)*<br>**October 10, 2023** |
|---|---|---|
| ☒ Judicial District   ☐ Housing Session   G.A. ☐ Number: ___ | At *(City/Town)*<br>**New Haven** | Case type code *(See list on page 2)*<br>Major: **P**   Minor: **20** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>**MICHAEL STONE, ESQ. PO BOX 1112, NEW HAVEN, CT 06505-1112** | Juris number *(if attorney or law firm)*<br>**406148** |
|---|---|
| Telephone number<br>**(203 )776 – 8100** | Signature of plaintiff *(if self-represented)* |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☐ Yes ☒ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* |
|---|---|

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| **First plaintiff** | Name: GIANNOTTI, Mary Frances<br>Address: 50 Perkins Street New Haven, CT 06513 | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: GARLINGHOUSE, Paul, a/k/a Paul A. Garlinghouse, a/k/a Paul Arthur Garlinghouse<br>Address: 746 Quinnipiac Avenue, New Haven, CT 06513 | D-01 |
| **Additional defendant** | Name: INTERNAL REVENUE SERVICE (IRS)<br>Address: c/o United States Attorney General, 950 Pennsylvania Ave, Washington, DC 20530-0009 | D-02 |
| **Additional defendant** | Name: Address c/o: United States Attorney General, 450 Main St., Hartford, CT 0610-3022<br>Address: STATE OF CONNECTICUT, DEPARTMENT OF REVENUE SERVICES (DRS) | D-03 |
| **Additional defendant** | Name: 450 Columbus Blvd., Hartford, CT 06103-1837,<br>Address: c/o Attorney General William Tong, 165 Capital Ave. SP5, Hartford, Ct 06106- 1630 | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 7 | ☑ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.

2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.

3. If you or your *Appearance* do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.

4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.

5. If you have questions about the summons and complaint, you should talk to an attorney.
   The court staff is not allowed to give advice on legal matters.

| Date<br>08/16/2023 | Signed *(Sign and select proper box)* | ☑ Commissioner of Superior Court<br>☐ _____ Clerk | Name of person signing<br>**MICHAEL E. STONE, ESQ.** |
|---|---|---|---|

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date |

*(stamp:)* ACCEPTED UPON THE UNITED STATES AS PROVIDED [...] F.R.C.V.P. 4(I) AND SHOULD NOT BE CONSTRUED AS SERVICE UPON ANY FEDERAL OFFICIAL BEING SUED IN HIS/HER [...] DISTINGUISHED FROM OFFICIAL CAPACITY.

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date<br>9-22-23 | Docket Number |
|---|---|---|---|

DATED: _____ BY: _____

| Print Form | Page 1 of 2 | Reset Form |
|---|---|---|

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2   Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff *(Last, First, Middle Initial)*

**GIANNOTTI, Mary Frances**

First named Defendant *(Last, First, Middle Initial)*

**GARLINGHOUSE, Paul, a/k/a Paul A. Garlinghouse, a/k/a Paul Arthur Garlinghouse**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Nominee for Quicken Loans, Inc. | P.O. Box 2026 Flint, MI 48501 - 2026 | 05 |
| CITY OF NEW HAVEN c/o Michael B. Smart, City Clerk | 165 Church Street, New Haven, CT 06510 200 Orange Street, New Haven, CT 06510 | 06 |
| GREATER NEW HAVEN WATER POLLUTION CONTROL AUTHORITY | 260 East Street, New Haven, CT 06511 | 07 |
| SOUTH CENTRAL CONNECTICUT REGIONAL WATER AUTHORITY | 90 Sargent Drive, New Haven, CT 06511 | 08 |
| | | 09 |
| | | 10 |
| | | 11 |

| | | | FOR COURT USE ONLY - File Date |
|---|---|---|---|
| | 12 | | |
| | 13 | | |
| | 14 | Docket number | |

**CIVIL SUMMONS-Continuation**

Print Form          Reset Form

| | |
|---|---|
| RETURNABLE: OCTOBER 10   , 2023   ) | SUPERIOR COURT |
| | |
| MARY FRANCES GIANNOTTI   ) | JUDICIAL DISTRICT |
| | OF NEW HAVEN |
| vs.   ) | AT NEW HAVEN, CONN |
| | |
| PAUL GARLINGHOUSE, a/k/a PAUL   ) | AUGUST 16, 2023 |
| A. GARLINGHOUSE, a/k/a PAUL   ) | |
| ARTHUR GARLINGHOUSE, INTERNAL   ) | |
| REVENUE SERVICE (IRS), STATE OF   ) | |
| CONNECTICUT DEPARTMENT OF   ) | |
| REVENUE SERVICES (DRS), MORTGAGE  ) | |
| ELECTRONIC REGISTRATION SYTEMS   ) | |
| INC., AS NOMINEE FOR QUICKEN   ) | |
| LOANS, INC., CITY OF NEW HAVEN,   ) | |
| GREATER NEW HAVEN  WATER   ) | |
| POLLUTION CONTROL AUTHORITY,   ) | |
| SOUTH CENTRAL CONNECTICUT   ) | |
| REGIONAL WATER AUTHORRITY   ) | |

## COMPLAINT

**I. FIRST COUNT:** (Action to Discharge Federal (IRS) Income Tax Liens)

To the Superior Court for the Judicial District of New Haven, in New Haven, the undersigned represents the following:

1) That by Warranty Deed dated October 1, 2004 and recorded October 4, 2004, in Volume 6959 at Page 266 of the New Haven Land Records, the Plaintiff **MARY FRANCES GIANNOTTI** (hereinafter, "the Plaintiff") and the Defendant **PAUL GARLINGHOUSE, a/k/a PAUL A. GARLINGHOUSE, a/k/a PAUL ARTHUR GARLINGHOUSE** (hereinafter, "**GARLINGHOUSE**") took title, as joint tenants with rights of survivorship, to the real property located at and known as <u>50 Perkins Street, New Haven, Connecticut</u>, (hereinafter, "The Real Property"), the legal description of which is attached hereto as Exhibit 1.

MICHAEL STONE
ATTORNEY AT LAW
P.O. BOX 1112 · NEW HAVEN, CONNECTICUT 06505-1112 · (203) 776-4100 · JURIS NO. 408148

2) That by Quit Claim Deed (hereinafter, "the Quit Claim") dated May 30, 2013, and recorded November 4, 2013 in Volume 9073 at Page 225 of the New Haven Land Records, Garlinghouse intended to transfer his interest in the Real Property to the Plaintiff. However, that conveyance was ineffective, due to the fact that **GARLINGHOUSE**, an attorney, when drafting said deed, inadvertently omitted the property description of the one of the two component parcels of the property in the "Schedule A" property description attached to the Quit Claim.

3) That on or about February 10, 2015, the Defendant **INTERNAL REVENUE SERVICE IRS)** placed a Federal Tax Lien (hereinafter, the "**IRS TAX LIEN I**") against **PAUL A. GARLINGHOUSE** on the Real Property in the amount of $209,296.78, dated January 29, 2015, and recorded on said date of February 10, 2015, in Volume 9245 at Page 244 of the New Haven Land Records.

4) That on or about May 16, 2017, the Defendant **INTERNAL REVENUE SERVICE (IRS),** placed a Federal Tax Lien (hereinafter, the "**IRS TAX LIEN II**") against **PAUL A. GARLINGHOUSE** on the Real Property in the amount of $15,750.35 dated May 9, 2017 and recorded on said date of May 16, 2017, in Volume 9571 at Page 2 of the New Haven Land Records.

5) That in May, 2018, the **PLAINTIFF** and **GARLINGHOUSE** were divorced, pursuant to which decree **GARLINGHOUSE** agreed to relinquish all claims to the real property.

6) That it was **GARLINGHOUSE'S** intention to convey the Entire Real Property by Quit-Claim, as reflected in the Stipulated Judgment in the matter of <u>Maryfrances Giannotti v. Paul A. Garlinghouse</u>, returnable to the New Haven Superior Court, dated

MICHAEL STONE
ATTORNEY AT LAW
P.O. BOX 1112 • NEW HAVEN, CONNECTICUT  06505-1112 • (203) 776-6100 • JURIS NO. 400148

Giannotti v. Paul A. Garlinghouse, returnable to the New Haven Superior Court, dated July 30, 2022 and recorded August 26, 2022 in Volume 10430 at Page 219 of the New Haven Land Records, which states, in pertinent part, "The parcel of real property located at 50 Perkins Street, New Haven, CT 06513...vested one hundred percent (100%) in fee simple in Maryfrances Gianotti as of May 30, 2013".

      7) That the aforesaid **IRS TAX LIEN I** and **IRS TAX LIEN II**, were recorded subsequent to the recording of the Quit Claim.

      8) That there is not probable cause to sustain the validity of **IRS TAX LIEN I**, or **IRS TAX LIEN II**.

      9) That the Plaintiff seeks an order of discharge of **IRS TAX LIEN I** and **IRS TAX LIEN II**.

**II. SECOND COUNT:** (Action to Discharge State of Connecticut (DRS) Tax Lien)

      To the Superior Court for the Judicial District of New Haven, in New Haven, the undersigned represents the following:

      1) That by Warranty Deed dated October 1, 2004 and recorded October 4, 2004, in Volume 6959 at Page 266 of the New Haven Land Records, the Plaintiff **MARY FRANCES GIANNOTTI** (hereinafter, "the Plaintiff") and the Defendant **PAUL GARLINGHOUSE, a/k/a PAUL A. GARLINGHOUSE, a/k/a PAUL ARTHUR GARLINGHOUSE** (hereinafter, "**GARLINGHOUSE**") took title, as joint tenants with rights of survivorship, to the real property located at and known as 50 Perkins Street, New Haven, Connecticut, (hereinafter, "The Real Property"), the legal description of which is

MICHAEL STONE
ATTORNEY AT LAW
P.O. BOX 1112 • NEW HAVEN, CONNECTICUT 06505-1112 • (203) 776-4103 • JURIS NO. 406146

2) That by Quit Claim Deed (hereinafter, "the Quit Claim") dated May 30, 2013, and recorded November 4, 2013 in Volume 9073 at Page 225 of the New Haven Land Records, Garlinghouse intended to transfer his interest in the Real Property to the Plaintiff. However, that conveyance was ineffective, due to the fact that **GARLINGHOUSE**, an attorney, when drafting said deed, inadvertently omitted the property description of the one of the two component parcels of the property in the "Schedule A" property description attached to the Quit Claim.

3) That on or about September 3, 2015, the Defendant **STATE OF CONNECTICUT DEPARTMENT OF REVENUE SERVICES (DRS)** placed a State Tax Lien (hereinafter "the **DRS TAX LIEN**") against **PAUL A. GARLINGHOUSE** on the real property in the amount of $36,512.48 dated August 26, 2015 and recorded September 3, 2015 in Volume 9323 at Page 81of the New Haven Land Records.

4)That in May, 2018, the **PLAINTIFF** and **GARLINGHOUSE** were divorced, pursuant to which decree **GARLINGHOUSE** agreed to relinquish all claims to the real property.

5) That it was **GARLINGHOUSE'S** intention to convey the Entire Real Property by Quit-Claim, as reflected in the Stipulated Judgment in the matter of Maryfrances Giannotti v. Paul A. Garlinghouse, returnable to the New Haven Superior Court, dated July 30, 2022 and recorded August 26, 2022 in Volume 10430 at Page 219 of the New Haven Land Records, which states, in pertinent part, "The parcel of real property located at 50 Perkins Street, New Haven, CT 06513...vested one hundred percent (100%) in fee simple in Maryfrances Gianotti as of May 30, 2013".

6) That the aforesaid **DRS TAX LIEN** was recorded subsequent to the recording

MICHAEL STONE
ATTORNEY AT LAW
P.O. BOX 1112 · NEW HAVEN CONNECTICUT 06505-1112 · (203) 776-4100 · JURIS NO. 406148

of the Quit Claim.

    7) That there is not probable cause to sustain the validity of the **DRS TAX LIEN**.

    8) That the Plaintiff seeks an order of discharge of the **DRS TAX LIEN**.

**II. THIRD COUNT:** (Action to Quiet Title Pursuant to Connecticut General Statutes

Section 47-31, as to **IRS TAX LIEN I** and **IRS TAX LIEN II**)

    1) At all times mentioned herein, **MARY FRANCES GIANNOTTI** (hereinafter,

"the **PLAINTIFF**") was and is a resident of the Town of New Haven, County of New

Haven and State of Connecticut .

    2) At all time mentioned herein, the Defendant, **PAUL GARLINGHOUSE,**

**a/k/a PAUL A. GARLINGHOUSE, a/k/a PAUL ARTHUR GARLINGHOUSE**

(hereinafter, "**GARLINGHOUSE**") was and is a resident of the Town of New Haven,

County of New Haven and State of Connecticut.

    3) On or about September 18, 1998, the **PLAINTIFF** and **GARLINGHOUSE**

were married in New Haven, Connecticut.

    4) By Warranty Deed dated October 1, 2004 and recorded October 4, 2004, in

Volume 6959 at Page 266 of the New Haven Land Records, the **PLAINTIFF** and

**GARLINGHOUSE** took title, as joint tenants with rights of survivorship, to the real

property located at and known as 50 Perkins Street, New Haven, Connecticut,

(hereinafter, "The Real Property"), the legal description of which is attached hereto as

Exhibit 1.

    5) By Quit Claim Deed dated May 30, 2013, and recorded November 4, 2013 in

Volume 9073 at Page 225 of the New Haven Land Records, (hereinafter, "the Quit

Claim") the **GARLINGHOUSE** intended to transfer his interest in the Real Property to

the Plaintiff. However, that conveyance was ineffective, due to the fact that

**GARLINGHOUSE**, an attorney, when drafting said deed,  inadvertently omitted the

property description of the one of the two component  parcels of the property in the

"Schedule A" property description attached to the Quit Claim Deed.

 6) In May, 2018, the Plaintiff and **GARLINGHOUSE** were divorced, pursuant to

which decree **GARLINGHOUSE** agreed to relinquish all claims to the real property.

 7) That it was **GARLINGHOUSE'S** intention to convey the Entire Real Property

by Quit-Claim, as reflected in the Stipulated Judgment in the matter of <u>Maryfrances</u>

<u>Giannotti v. Paul A. Garlinghouse</u>, returnable to the New Haven Superior Court, dated

July 30, 2022 and recorded August 26, 2022 in Volume 10430 at Page 219 of the New

Haven Land Records, which states, in pertinent part, "The parcel of real property located

at 50 Perkins Street, New Haven, CT 06513...vested one hundred percent (100%) in fee

simple in Maryfrances Gianotti as of May 30, 2013".

 8) The Defendant **MORTGAGE ELECTRONIC REGISTRATION**

**SYSTEMS, INC., AS NOMINEE FOR QUICKEN LOANS INC.** claims or may claim

an interest in The Real property by virtue of a mortgage in the original principal amount

of $204,700.00, dated March 23, 2006 and recorded April 3, 2006 in Volume 7544 at

Page 171 of the New Haven Land Records.

 9) The Defendant **CITY OF NEW HAVEN** claims or may claim an interest in

The Real Property by virtue of its lien on the Real Property for unpaid property taxes.

 10) The Defendant **GREATER NEW HAVEN WATER POLLUTION**

MICHAEL STONE
ATTORNEY AT LAW
P.O. BOX 1112 · NEW HAVEN, CONNECTICUT 06505-1112 · (203) 776-4100 · JURIS NO. 408148

**CONTROL AUTHORITY** claims or may claim an interest in the Real Property by virtue of its lien on The Real Property for unpaid sewer use charges.

11) The Defendant **SOUTH CENTRAL CONNECTICUT REGIONAL WATER AUTHORITY** claims or may claim an interest in The Real Property by virtue of its lien on The Real Property for unpaid water use charges.

12) The **INTERNAL REVENUE SERVICE (IRS)** claims or may claim an interest in The Real Property by virtue of a Federal Tax Lien (hereinafter, "**IRS TAX LIEN I**") issued by the IRS in the amount of $209,296.78 dated January 29, 2015 recorded February 10, 2015 in Volume 9323 at Page 81 of the New Haven Land Records.

13) The **STATE OF CONNECTICUT DEPARTMENT OF REVENUE SERVICES (DRS)** claims or may claim an interest in The Real Property by virtue of a Tax Lien issued by the Department of Revenue Services in the amount of $36,512.48 dated August 26, 2015 and recorded September 3, 2015 in Volume 9323 at Page 81 of the New Haven Land Records.

14) The **INTERNAL REVENUE SERVICE (IRS)** claims or may claim an interest in the Real Property by virtue of a Federal Tax Lien (hereinafter, "**IRS TAX LIEN II**") issued by the IRS in the amount of $15,750.35 dated May 9, 2017 and recorded May 16, 2017 in Volume 9571 at Page 2 of the New Haven Land Records.

15) The Defendant **GARLINGHOUSE** does not dispute the right of the Plaintiff to the Real Property.

16) The Plaintiff asserts an interest in the Real Property that is adverse to the interests of the Defendants, as indicated herein.

17) The Plaintiff asserts an interest in the Real Property because it was

GARLINGHOUSE'S intention to convey the entire Real Property by the Quit Claim , as

indicated herein.

18) The Plaintiff asserts an interest in the Real Property because by the Quit

Claim was intended to comply with their divorce decree which ordered

GARLINGHOUSE to convey his interest in the real property to the Plaintiff, as

indicated herein.

19) The Plaintiff asserts an interest in the Real Property because the Plaintiff

refinanced the mortgage secured by the Real Property, and she has been paying the entire

monthly mortgage payment since the inception of said mortgage, with no participation or

payment from GARLINGHOUSE.

20) Pursuant to Connecticut General Statutes Section 47-31, the Plaintiff claims a

judgment determining the rights of the parties to the Real Property and settling the title

thereto.

21) The Plaintiff claims a judgment finding that IRS TAX LIEN and IRS TAX

LIEN II, referenced in this count are not attached to the Real Property.

22) The Plaintiff recorded a Notice of Lis Pendens on the New Haven Land

Records, which gives notice of the pendency of this action. A copy of the Notice of Lis

Pendens is attached hereto as Exhibit 2.

MICHAEL STONE
ATTORNEY AT LAW
P.O. BOX 1112 • NEW HAVEN, CONNECTICUT 06505-1112 • (203) 776-6190 • JURIS NO. 408148

**II. THIRD COUNT:** (Action to Quiet Title Pursuant to <u>Connecticut General Statutes</u>

Section 47-31, as to the **DRS TAX LIEN**)

      1) At all times mentioned herein, **MARY FRANCES GIANNOTTI** (hereinafter,

"the **PLAINTIFF**") was and is a resident of the Town of New Haven, County of New

Haven and State of Connecticut .

      2) At all time mentioned herein, the Defendant, **PAUL GARLINGHOUSE,**

**a/k/a PAUL A. GARLINGHOUSE, a/k/a PAUL ARTHUR GARLINGHOUSE**

(hereinafter, "**GARLINGHOUSE**") was and is a resident of the Town of New Haven,

County of New Haven and State of Connecticut.

      3) On or about September 18, 1998, the **PLAINTIFF** and **GARLINGHOUSE**

were married in New Haven, Connecticut.

      4) By Warranty Deed dated October 1, 2004 and recorded October 4, 2004, in

Volume 6959 at Page 266 of the New Haven Land Records, the **PLAINTIFF** and

**GARLINGHOUSE** took title, as joint tenants with rights of survivorship, to the real

property located at and known as <u>50 Perkins Street, New Haven, Connecticut,</u>

(hereinafter, "The Real Property"), the legal description of which is attached hereto as

Exhibit 1.

      5) By Quit Claim Deed dated May 30, 2013, and recorded November 4, 2013 in

Volume 9073 at Page 225 of the New Haven Land Records, (hereinafter, "the Quit

Claim") the **GARLINGHOUSE** intended to transfer his interest in the Real Property to

the Plaintiff. However, that conveyance was ineffective, due to the fact that

**GARLINGHOUSE**, an attorney, when drafting said deed, inadvertently omitted the

property description of the one of the two component parcels of the property in the "Schedule A" property description attached to the Quit Claim Deed.

6) In May, 2018, the Plaintiff and **GARLINGHOUSE** were divorced, pursuant to which decree **GARLINGHOUSE** agreed to relinquish all claims to the real property.

7) That it was **GARLINGHOUSE'S** intention to convey the Entire Real Property by Quit-Claim, as reflected in the Stipulated Judgment in the matter of <u>Maryfrances Giannotti v. Paul A. Garlinghouse</u>, returnable to the New Haven Superior Court, dated July 30, 2022 and recorded August 26, 2022 in Volume 10430 at Page 219 of the New Haven Land Records, which states, in pertinent part, "The parcel of real property located at 50 Perkins Street, New Haven, CT 06513...vested one hundred

7) That it was **GARLINGHOUSE'S** intention to convey the Entire Real Property by Quit-Claim, as reflected in the Stipulated Judgment in the matter of <u>Maryfrances Giannotti v. Paul A. Garlinghouse</u>, returnable to the New Haven Superior Court, dated July 30, 2022 and recorded August 26, 2022 in Volume 10430 at Page 219 of the New Haven Land Records, which states, in pertinent part, "The parcel of real property located at 50 Perkins Street, New Haven, CT 06513...vested one hundred percent (100%) in fee simple in Maryfrances Gianotti as of May 30, 2013".

8) The Defendant **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, as Nominee for Quicken Loans Inc claims or may claim an interest in The Real property by virtue of a mortgage in the original principal amount of $204,700.00, dated March 23, 2006 and recorded April 3, 2006 in Volume 7544 at Page 171 of the New Haven Land Records.

9) The Defendant **CITY OF NEW HAVEN** claims or may claim an interest in

The Real Property by virtue of its lien on the Real Property for unpaid property taxes.

10) The Defendant **GREATER NEW HAVEN WATER POLLUTION CONTROL AUTHORITY** claims or may claim an interest in the Real Property by virtue of its lien on The Real Property for unpaid sewer use charges.

11) The Defendant **SOUTH CENTRAL CONNECTICUT REGIONAL WATER AUTHORITY** claims or may claim an interest in The Real Property by virtue of its lien on The Real Property for unpaid water use charges.

12) The **INTERNAL REVENUE SERVICE (IRS)** claims or may claim an interest in The Real Property by virtue of a Federal Tax Lien (hereinafter, "**IRS TAX LIEN I**") issued by the IRS in the amount of $209,296.78 dated January 29, 2015 recorded February 10, 2015 in Volume 9323 at Page 81 of the New Haven Land Records.

13) The **STATE OF CONNECTICUT DEPARTMENT OF REVENUE SERVICES (DRS)** claims or may claim an interest in The Real Property by virtue of a Tax Lien issued by the Department of Revenue Services in the amount of $36,512.48 dated August 26, 2015 and recorded September 3, 2015 in Volume 9323 at Page 81 of the New Haven Land Records.

14) The **INTERNAL REVENUE SERVICE (IRS)** claims or may claim an interest in the Real Property by virtue of a Federal Tax Lien (hereinafter, "**IRS TAX LIEN II**") issued by the IRS in the amount of $15,750.35 dated May 9, 2017 and recorded May 16, 2017 in Volume 9571 at Page 2 of the New Haven Land Records.

15) The Defendant **GARLINGHOUSE** does not dispute the right of the Plaintiff to the Real Property.

16) The Plaintiff asserts an interest in the Real Property that is adverse to the

MICHAEL STONE · ATTORNEY AT LAW · P.O. BOX 1112 · NEW HAVEN, CONNECTICUT 06505-1112 · (203) 776-4100 · JURIS NO. 408148

interests of the Defendants, as indicated herein.

17) The Plaintiff asserts an interest in the Real Property because it was **GARLINGHOUSE'S** intention to convey the entire Real Property by the Quit Claim , as indicated herein.

18) The Plaintiff asserts an interest in the Real Property because by the Quit Claim was intended to comply with their divorce decree which ordered **GARLINGHOUSE** to convey his interest in the real property to the Plaintiff, as indicated herein.

19) The Plaintiff asserts an interest in the Real Property because the Plaintiff refinanced the mortgage secured by the Real Property, and she has been paying the entire monthly mortgage payment since the inception of said mortgage, with no participation or payment from **GARLINGHOUSE.**

20) Pursuant to <u>Connecticut General Statutes</u> Section 47-31, the Plaintiff claims a judgment determining the rights of the parties to the Real Property and settling the title thereto.

21) The Plaintiff claims a judgment finding that **DRS TAX LIEN** referenced in this count are not attached to the Real Property.

22) The Plaintiff recorded a Notice of Lis Pendens on the New Haven Land Records, which gives notice of the pendency of this action. A copy of the Notice of Lis Pendens is attached hereto as Exhibit 2.

WHEREFORE, the Plaintiff claims:

1. As to the First Count, an order of discharge of **IRS TAX LIEN I** and **IRS TAX LIEN II**, referenced in said Count from 55 Perkins Street, New Haven, Connecticut.

2. As to the Second Count, an order of discharge of discharge of the **DRS TAX LIEN**, referenced in said Count from 55 Perkins Street, New Haven, Connecticut.

3. As to the Third Count, a Judgment decreeing, declaring and quieting title to 55 Perkins Street, New Haven, Connecticut, in its entirety, to the Plaintiff, **MARY FRANCES GIANNOTTI**, nunc pro tunc, retroactively to the date of the Quit Claim, May 30, 2013, free and clear of **IRS TAX LIEN I** and the **IRS TAX LIEN II**.

4. As to the Fourth Count, a Judgment decreeing, declaring and quieting title to 55 Perkins Street, New Haven, Connecticut, in its entirety, to the Plaintiff, **MARY FRANCES GIANNOTTI**, nunc pro tunc, retroactively to the date of the Quit Claim, May 30, 2013, free and clear of the **DRS TAX LIEN**.

5. Costs of this action.

6. Such other and further relief as may be proper in law and equity.

Of this writ, with your doings thereon, make due service and return.


THE PLAINTIFF,
MARY FRANCES GIANNOTTI

By: _____
MICHAEL E. STONE
HER ATTORNEY
PO BOX 1112, NEW HAVEN, CT 06505-1112
JURIS #406148

RETURNABLE: SEPTEMBER 12, 2023          )          SUPERIOR COURT

MARY FRANCES GIANNOTTI                    )          J. D. OF NEW HAVEN

vs.                                                       )          AT NEW HAVEN, CONN

PAUL GARLINGHOUSE, a/k/a PAUL       )          AUGUST 8, 2023
A. GARLINGHOUSE, a/k/a PAUL            )
ARTHUR GARLINGHOUSE, INTERNAL     )
REVENUE SERVICE (IRS), STATE OF        )
CONNECTICUT DEPARTMENT OF            )
REVENUE SERVICES (DRS), CITY OF        )
NEW HAVEN, GREATER NEW HAVEN       )
WATER POLLUTION CONTROL             )
AUTHORITY, SOUTH CENTRAL            )
CONNECTICUT REGIONAL WATER         )
AUTHORITY                                           )

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest, or property in demand is not less than Fifteen

Thousand and 00/100 ($15,000.00) Dollars, exclusive of interest and costs.


THE PLAINTIFF,
MARY FRANCES GIANNOTTI


By: _____
             MICHAEL E. STONE
             HER ATTORNEY
PO BOX 1112, NEW HAVEN, CT 06505-1112
JURIS #406148

MICHAEL STONE
ATTORNEY AT LAW
P.O. BOX 1112 • NEW HAVEN, CONNECTICUT 06505-1112 • (203) 776-0100 • JURIS NO. 406148



FIRST PIECE: All that certain piece or parcel of land situated in the City of New Haven, County of New Haven and State of Connecticut, bounded:

EASTERLY: by Perkins Street, 38 feet;

SOUTHERLY: by the second piece hereinafter described, 106 feet, 9-1/4 inches, more or less;

WESTERLY: by land formerly of Eliza M. Rowe and Rachel A. Rowe, 38 feet, 1 inch, more or less;

NORTHERLY: by land now or formerly of Margaret A. Bushnell and Curtis C. Bushnell, 112 feet, 1-1/4 inches, more or less.

SECOND PIECE: All that certain piece or parcel of land situated in the City of New Haven, County of New Haven and State of Connecticut, bounded:

EASTERLY: by Perkins Street, 40 feet;

SOUTHERLY: by land now or formerly of the New York, New Haven and Hartford Railroad Company, 106 feet, more or less;

WESTERLY: by land now or formerly of The New York, New Haven and Hartford Railroad Company, 20 feet, more or less; and

NORTHERLY: by the first piece herein described, 110 feet, more or less.

~Exhibit 2~

RETURNABLE: OCTOBER 10, 2023          )          SUPERIOR COURT

MARY FRANCES GIANNOTTI               )          JUDICIAL DISTRICT
                                     )             OF NEW HAVEN
vs.                                  )          AT NEW HAVEN, CONN.

PAUL GARLINGHOUSE, A/K/A PAUL        )          AUGUST 16, 2023
A. GARLINGHOUSE, A/K/A PAUL          )
ARTHUR GARLINGHOUSE, INTERNAL        )
REVENUE SERVICE (IRS), STATE OF      )
CONNECTICUT DEPARTMENT OF            )
REVENUE SERVICES (DRS), MORTGAGE     )
ELECTRONIC REGISTRATION SYSTEMS,     )
INC., AS NOMINEE FOR QUICKEN         )
LOANS, INC., CITY OF NEW HAVEN,      )
GREATER NEW HAVEN WATER              )
POLLUTION CONTROL AUTHORITY,         )
SOUTH CENTRAL CONNECTICUT            )
REGIONAL WATER AUTHORITY             )

<div style="text-align:left; writing-mode:vertical">MICHAEL STONE<br>ATTORNEY AT LAW<br>P.O. BOX 1112 · NEW HAVEN, CONNECTICUT 06505-1112 · (203) 776-4103 · JURIS NO. 400148</div>

## **LIS PENDENS**

Notice is hereby given of the pendency of a civil action between the above-named

Plaintiff and against above-named Defendants by Writ dated August 16, 2023 and made

returnable to the Superior Court, Judicial District of New Haven at New Haven to held at

235 Church Street, New Haven, Connecticut 06510 which action is brought, inter alia, to

discharge two Internal Revenue Service (IRS) tax liens and a State of Connecticut

Department of Revenue Services (DRS) tax lien held against the real property located at

and known as 50 Perkins Street, New Haven, Connecticut 06513, including the discharge

of a tax lien in favor of **INTERNAL REVENUE SERVICE (IRS)** in the amount of

$209,296.78 dated January 29, 2015 and recorded on February 10, 2015, in Volume 9323

at page 81 of the New Haven Land Records; placed on the real property; an **INTERNAL**

**REVENUE SERVICE (IRS)** tax lien the amount of $15,750.35 dated May 9, 2017, and

recorded on May 16, 2017 in Volume 9571 at Page 2 of the New Haven Land Records;
and a tax lien in favor of the **STATE OF CONNECTICUT DEPARTMENT OF
REVENUE SERVICES, (DRS),** in the amount of $36,512.48, dated August 26, 2015
and recorded September 3, 2015 in Volume 9323 at Page 81 of the New Haven Land
Records, and to Quiet Title to the aforesaid real property.

In said action, comprised of three counts, the following items were claimed:

1. That the two **INTERNAL REVENUE SERVICE (IRS)** tax liens and the
**STATE OF CONNECTICUT DEPARTMENT OF REVENUE SERVICES (DRS)**
tax relative to the real property are discharged.

2. That the sole and rightful owner of the real property, in its entirety, free and
clear of the **INTERNAL REVENUE SERVICE (IRS) TAX LIENS** and the **STATE
OF CONNECTICUT DEPARTMENT OF REVENUE SERVICES (DRS)** relative to
the real property, is **MARY FRANCES GIANNOTTI,** retroactive, or nunc pro tunc, as
to May 30, 2013.

3. A reasonable attorney's fee (unless same has been precluded by a bankruptcy
filing);

4. Costs of suit (unless same has been precluded by virtue of a bankruptcy filling);
and

5. Such other and further relief as the Court may deem just and equitable.

The property the plaintiff seeks an interest in and to is located in the Town of New
Haven, County of New Haven and State of Connecticut, and is known as 50 Perkins

Street, New Haven, Connecticut, and is more particularly bounded and described as set

forth in Schedule A attached hereto...

THE PLAINTIFF,
MARY FRANCES GIANNOTTI

By: _____

MICHAEL E. STONE
HER ATTORNEY
PO BOX 1112, NEW HAVEN, CT 06505-1112
JURIS #406148

**SCHEDULE A**
**DESCRIPTION**

FIRST PIECE: All that certain piece or parcel of land situated in the City of New Haven, County of New Haven and State of Connecticut, bounded:

EASTERLY: by Perkins Street, 38 feet;

SOUTHERLY: by the second piece hereinafter described, 106 feet, 9-1/4 inches, more or less;

WESTERLY: by land formerly of Eliza M. Rowe and Rachel A. Rowe, 38 feet, 1 inch, more or less;

NORTHERLY: by land now or formerly of Margaret A. Bushnell and Curtis C. Bushnell, 112 feet, 1-1/4 inches, more or less.

SECOND PIECE: All that certain piece or parcel of land situated in the City of New Haven, County of New Haven and State of Connecticut, bounded:

EASTERLY: by Perkins Street, 40 feet;

SOUTHERLY: by land now or formerly of the New York, New Haven and Hartford Railroad Company, 106 feet, more or less;

WESTERLY: by land now or formerly of The New York, New Haven and Hartford Railroad Company, 20 feet, more or less; and

NORTHERLY: by the first piece herein described, 110 feet, more or less.